B1 (Official Form 1) (4/10)

## United States Bankruptcy Court
## Northern District of Illinois Eastern  Division

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**Luttrell,  Christina Rae** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) *    **\*\*\*-\*\*-9490** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) * |
| Street Address of Debtor (No. & Street, City, and State):<br><br>**14123 Faulkner Court**<br>**Plainfield IL**            **60544** | Street Address of Joint Debtor (No. & Street, City, and State): |
| County of Residence or of the Principal Place of Business:<br><br>**WILL** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address) | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor (if different from street address above):

---

**Type of Debtor** (Form of  Organization)
(Check one box)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form*
- ☐ Corporation (includes LLC & LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Heath Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C §101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreian Nonmain Proceedina

**Nature of Debts** (Check one box)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

---

**Filing Fee** (Check one box)

- ☑ Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable in individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee wavier requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or  affliates) are less than $2,343,300. ( *amount subject to adjustment on 4/01/13 and ever three years thereafter.* ) __ __ __ __ __ __ __ __

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditiors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

This space is for court use only

**Estimated Number of Creditors**

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

---

**B1 (Official Form 1) (4/10) )**

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| *This page must be completed and filed in every case)* | **Luttrell,  Christina Rae** |

---

**All Prior Bankruptcy Case Filed Within Last 8 Years (if more than two, attach additional sheet)**

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| **None** | | |
| **None** | | |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affilate of this Debtor (if more than one, attach additional sheet)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| **None** | | |
| District: | Relationship: | Judge: |

---

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15 (d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be  completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 USC §  342(b).<br><br>**/s/ Jason A Kara**<br><br>**Jason A Kara**          Dated:   09/26/2011 |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

☐ If this is a joint petition:
Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**

(Check the Applicable Box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of Landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1))

---

B1 (Official Form 1) (4/10)

| Voluntary Petition | Name of Joint Debtor(s) |
|---|---|
| This page must be completed and filed in every case | **Luttrell, Christina Rae** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7,11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**/s/ Christina Rae Luttrell**

**Christina Rae Luttrell**

Dated:   **09/24/2011**

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

### **<< Sign & Date on Those Lines**

### Signature of Attorney

**/s/ Jason A Kara**

Signature of Attorney for Debtor(s)

**Jason A Kara**

Printed Name of Attorney for Debtor(s)

**GERACI LAW L.L.C.**
**55 E. Monroe Street #3400**
**Chicago IL 60603**
**Phone: 312.332.1800**

## Date:   09/26/2011

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnerhsip)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code. specified in this petition.

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for f iling for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)
Address

Date
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*



# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell  Debtor**

Bankruptcy Docket #:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning:  You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  check one of the five statements below and attach any documents as directed.*

■ 1.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐ 2.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.  You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

☐ 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt repayment plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4.  I am not required to receive a credit counseling briefing because of:  [Check the applicable statement.]  [Must be accompanied       by a motion for determination by the court.]

☐ Incapacity.  (Defined in 11 U.S.C.  § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C.  § 109(h) does not apply in this district.

---

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated:   09/24/2011        _____        ⬅ Sign & Date Here

**/s/ Christina Rae Luttrell**

**Christina Rae Luttrell**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Christina Rae Luttrell  Debtor**                                    Bankruptcy Docket #:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning:  You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  check one of the five statements below and attach any documents as directed.*

■  1.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐  2.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.  You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

☐  3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4.  I am not required to receive a credit counseling briefing because of:  [Check the applicable statement.]  [Must be accompanied        by a motion for determination by the court.]

☐  Incapacity.  (Defined in 11 U.S.C.  § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐  Disability.  (Defined in 11 U.S.C.  § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐  Active military duty in a military combat zone.

☐  5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C.  § 109(h) does not apply in this district.

_____

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated:   09/24/2011



# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell , Debtor**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached YES \| NO | Pages | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | Assets | Liabilities | Other |
| SCHEDULE A - Real Property | Yes | 1 | $120,000 | $- | $- |
| SCHEDULE B - Personal Property | Yes | 3 | $30,300 | $- | $- |
| SCHEDULE C - Property Claimed as Exempt | Yes | 1+ | $- | $- | $- |
| SCHEDULE D - Creditors Holding Secured Claims | Yes | 1+ | $- | $177,475 | $- |
| SCHEDULE E - Creditors Holding Unsecured Priority Claims | Yes | 2 | $- | $423 | $- |
| SCHEDULE F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1+ | $- | $35,330 | $- |
| SCHEDULE G - Executory Contracts and Unexpired Leases | Yes | 1 | $- | $- | $- |
| SCHEDULE H - CoDebtors | Yes | 1 | $- | $- | $- |
| SCHEDULE I - Current Income of Individual Debtor(s) | Yes | 1 | $- | $- | $4,706 |
| SCHEDULE J - Current Expenditures of Individual Debtor(s) | Yes | 1 | $- | $- | $3,510 |
| **TOTALS** | | | **$ 150,300** TOTAL ASSETS | **$ 213,228** TOTAL LIABILITIES | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

__Christina Rae Luttrell / Debtor__                              Bankruptcy Docket #:

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES - 28 U.S.C. § 159

If you are an individual debtor whose debts are primarily consumer debts as defined in 101(8) of the Bankruptcy Code (11 U.S.C. 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts and, therefore, are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C § 159**

**Summarize the following types of liabilities, as reported in the Schedules, and total them**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (From Schedule E) | $ 0 |
| Taxes and Certain Other Debts Owed to governmental Units (From Schedule E) | $ 423.00 |
| Claims for Death or Personal Injury While Debtor was Intoxicated (From Schedule E) whether disputed or undisputed) | $ 0 |
| Student Loan Obligations (From Schedule F) | $ 0 |
| Domestic Support Separation Agreement and Divorce Decree Obligations Not Reported on (Schedule E). | $ 0 |
| Obligations to Pension or Profit Sharing and Other Similar Obligations (From Schedule F) | $ 0 |
| TOTAL | $ 423 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 4,706.17 |
| Average Expenses (from Schedule J, Line 18) | $ 3,510.00 |
| Current Monthly Income (from Form 22A Line 12; or, Form 22B Line 11; or, Form 22C Line 20) | $ 7,577.09 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 31,900.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 423.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" Column | | $0 |
| 4. Total from Schedule F | | $ 35,330.00 |
| 5. Total of non-priority unsecured debt (sum of 1,3 and 4) | | $ 67,230.00 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W, " "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband Wife Joint Or Community | Current Value of Debtors Interest in Property Without Deducting and Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **14123 Faulkner Court Plainfield, IL 60544 - (Debtors primary residence)** | **Fee Simple** | | **$ 120,000** | **$ 150,479** |

**Total Market Value of Real Property**

(Report also on Summary of Schedules)

| $120,000.00 |
|---|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories,  place an "x" in the appropriate position in the column labled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column  labeled "HWJC."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interest in executory and unexpired leases on this schedule.  List them in Schedule G.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."   In providing the information in this schedule, do not include the name or address of a minor child.  Simply state a "minor child."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | H W J C | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or |
|---|---|---|---|---|
| 01. Cash on Hand | X | | | |
| 02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations or credit unions, brokerage houses, or cooperatives. | | checking account with Bank of America | | $    400 |
| 03. Security Deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 04. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans | H | $    2,000 |
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, Compact Discs, Tapes/Records, Family Pictures | H | $    100 |
| 06. Wearing Apparel | | Necessary wearing apparel. | H | $    75 |
| 07. Furs and jewelry. | | Earrings, watch, costume jewelry | H | $    150 |
| 08. Firearms and sports, photographic, and other hobby equipment. | X | | | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

| SCHEDULE B - PERSONAL PROPERTY | | | | |
|---|---|---|---|---|
| **Type of Property** | **N O N E** | **Description and Location of Property** | **H W J C** | **Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or** |
| 09. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance - No Cash Surrender Value.** | **H** | **$     0** |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an educational IRA as defined in 26 U.S.C 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(B)(1). Give particulars. (File separately the records(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)). | X | | | |
| 12. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. Give particulars | | **Pension w/ Employer/Former Employer - 100% Exempt.** | **H** | **$  2,000** |
| 13. Stocks and interests in incorporated and unincorporated businesses. | X | | | |
| 14. Interest in partnerships or joint ventures. Itemize. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable | X | | | |
| 17. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable and future interests, life estates, and rights of power exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and Non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises and other general intangibles. | X | | | |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

| | | | | |
|---|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | | |
| **Type of Property** | **N O N E** | **Description and Location of Property** | **H W J C** | **Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or** |
| 24. Customer list or other compilations containing personally identifiable information (as defined in 11 USC 101 41A provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes | X | | | |
| 25. Autos, Truck, Trailers and other vehicles and accessories. | | Toyota Motor Credit - 2009 Lexus IS with 95,000 miles | H | $  25,575 |
| 26. Boats, motors and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplie used in business. | X | | | |
| 30. Inventory | X | | | |
| 31. Animals | | 2 dogs | H | $   0 |
| 32. Crops-Growing or Harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | **Total** (Report also on Summary of Schedules) | | **$30,300** |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

**Christina Rae Luttrell, Debtor**

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

■ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption
that exceeds $146,450.*

\* Amount subject to adjustment on 4/1/13, and every three years thereafter with
respect to cases commenced on or after the date of adjustment.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| 00. Real Property<br>**14123 Faulkner Court Plainfield, IL 60544 - (Debtors primary residence)** | 735 ILCS 5/12-901 | $  15,000 | $  120,000 |
| 02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations or credit unions, brokerage houses, or cooperatives.<br>**checking account with Bank of America** | 735 ILCS 5/12-1001(b) | $     400 | $     400 |
| 04. Household goods and furnishings, including audio, video, and computer equipment.<br>**Household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans** | 735 ILCS 5/12-1001(b) | $   2,000 | $   2,000 |
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles.<br>**Books, Compact Discs, Tapes/Records, Family Pictures** | 735 ILCS 5/12-1001(a) | $     100 | $     100 |
| 06. Wearing Apparel<br>**Necessary wearing apparel.** | 735 ILCS 5/12-1001(a),(e) | $      75 | $      75 |
| 07. Furs and jewelry.<br>**Earrings, watch, costume jewelry** | 735 ILCS 5/12-1001(a),(e) | $     150 | $     150 |
| 12. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. Give particulars<br>**Pension w/ Employer/Former Employer - 100% Exempt.** | 735 ILCS 5/12-1006 | $   2,000 | $   2,000 |
| 25. Autos, Truck, Trailers and other vehicles and accessories.<br>**Toyota Motor Credit - 2009 Lexus IS with 95,000 miles** | 735 ILCS 5/12-1001(c) | $   2,400 | $   25,575 |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

---

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s) on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule D.

| | Creditor's Name and Mailing Address Including Zip and Account Number (See Instructions Above) | Codebtor | H W J C | * Date Claim was Incured * Nature of Lien *Value of Property Subject to Lien *Description of Property | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **Green TREE Servicing L** Attn: Bankruptcy Dept. 332 Minnesota St Ste 610 Saint Paul MN 55101  **Acct No.:   89669481** | | H | *Dates:* 2006-2011 *Nature of Lien:* Mortgage *Market Value:* $ 120,000 *Intention:* Reaffirm 524 (c) *Description:* **14123 Faulkner Court Plainfield, IL 60544 - (Debtors primary residence)** | | | | $ 150,479 | $ 30,479 |
| 2 | **Toyota Motor Credit** Attn: Bankruptcy Dept. 1111 W 22Nd St Ste 420 Oak Brook IL 60523  **Acct No.:   70400465429500001** | | H | *Dates:* 4/11/2009 *Nature of Lien:* Lien on Vehicle - PMSI *Market Value :* $ 25,575 *Intention:* Reaffirm 524 (c) *Description:* **Toyota Motor Credit - 2009 Lexus IS with 95,000 miles** | | | | $ 26,996 | $ 1,421 |
| | | | | **Total** | | | | **$ 177,475** | **$ 31,900** |
| | | | | | | | | (Report also on Summary of Schedules.) | (if applicatble, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

---

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors

☐ **Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.**

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of Credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but bfore the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incured and Consideration For Claim | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| **1**  **IRS Priority Debt** <br> Attn: Bankruptcy Dept. <br> PO Box 7346 <br> Philadelphia PA 19101 <br><br> **Account No.    XXXXX9490** | | | Reason:    Federal Income Tax <br><br> Dates:    2010 | | | | $    423 | $    423 |

**Total Amount of Unsecured Priority Claims**
**(Report also on Summary of Schedules)**

| | |
|---|---|
| $ 423 | $ 423 |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell / Debtor**

---

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **1**  **Capital One**<br>Attn: Bankruptcy Dept.<br>Po Box 85520<br>Richmond VA 23285<br><br>**Acct #:  XXXXX9490** | | | Dates:  **2004-2011**<br>Reason:   **Credit Card or Credit Use** | | | | $   6,864 |

| Law Firm(s) | Collection Agent(s) Representing the Original Creditor |

Will County Circuit Court
Doc #2011 SC 7176
14 W. Jefferson St
Joliet IL 60432

Freedman Anselmo Lindberg &
2011 SC 7176
PO Box 3216
Naperville IL 60566

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Christina Rae Luttrell / Debtor**

| SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS |
|---|

| | Creditor's Name, Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 2 | **Capital ONE, N.A.**<br>Attn: Bankruptcy Dept.<br>Po Box 30273<br>Salt Lake City UT 84130<br><br>**Acct #: 568113276884** | | | Dates:   **2008-2010**<br>Reason:   **Personal Loan** | | | X | $   0 |
| 3 | **CBNA**<br>Attn: Bankruptcy Dept.<br>Po Box 6497<br>Sioux Falls SD 57117<br><br>**Acct #: XXXXX9490** | | | Dates:   **2008-2010**<br>Reason:   **Credit Card or Credit Use** | | | | $   10,393 |
| 4 | **CREDIT ONE FS/Metabank**<br>Attn: Bankruptcy Dept.<br>131 Continental Dr Ste 3<br>Newark DE 19713<br><br>**Acct #: XXXXX9490** | | | Dates:   **2007-2010**<br>Reason:   **Credit Card or Credit Use** | | | | $   13,628 |
| | **Law Firm(s) \| Collection Agent(s) Representing the Original Creditor**<br><br>LVNV Funding<br>Bankruptcy Department<br>PO Box 740281<br>Houston TX 77274 | | | | | | | |
| 5 | **Equifax**<br>Attn: Bankruptcy Dept.<br>PO Box 740241<br>Atlanta GA 30374<br><br>**Acct #: XXXXX9490** | | | Dates:   **2011**<br>Reason:   **Notice Only** | | | | $   0 |
| 6 | **Experian**<br>Attn: Bankruptcy Dept.<br>PO Box 2002<br>Allen TX 75013<br><br>**Acct #: XXXXX9490** | | | Dates:   **2011**<br>Reason:   **Notice Only** | | | | $   0 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

Christina Rae Luttrell / Debtor

| SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim | |
| 7   **GEMB/CARE CREDIT** Attn: Bankruptcy Dept. 950 Forrer Blvd Kettering OH 45420   **Acct #:  XXXXX9490** | | | Dates:   **2010-2011** Reason:   **Credit Card or Credit Use** | | | | $   1,025 | |
| 8   **HSBC BANK N.A./Menards** C/O Stellar Recovery INC 1845 Us Highway 93 S Kalispell MT 59901   **Acct #:  80303** | | | Dates:   **2011-2011** Reason:   **Collecting for Creditor** | | | | $   3,270 | |
| 9   **Merchants Credit Guide** Attn: Bankruptcy Dept. 223 W Jackson Blvd Ste 4 Chicago IL 60606   **Acct #:  8110321081** | | | Dates:   **2011-2011** Reason:   **Medical Debt** | | | | $   150 | |
| 10   **Transunion** Attn: Bankruptcy Dept. PO Box 1000 Chester PA 19022   **Acct #:  XXXXX9490** | | | Dates:   **2011** Reason:   **Notice Only** | | | | $   0 | |

**Total Amount of Unsecured Claims**

(Report also on Summary of Schedules)

$ 35,330.00

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

 Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties  to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest.  State whether Lease is for Non-Residential Real Property. State Contract Number or Any Government Contract. |
|---|---|
| [x] None | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

---

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| Name and Address of CoDebtor | Name and Address of the Creditor |
|---|---|
| [x] None | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**                                     Bankruptcy Docket #:

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:  **Single** | DEPENDENTS OF DEBTOR AND SPOUSE ~ RELATIONSHIP AND AGE | |
|---|---|---|
| | **None** | |
| | **DEBTOR EMPLOYMENT** | SPOUSE EMPLOYMENT |
| Occupation: | **Sales** | |
| Name of Employer: | **Luttrell Engraving** | |
| Years Employed | **12 years** | |
| Employer Address: | **5000 W. 128th Place** | |
| City, State, Zip | **Alsip, IL 60803** | , |

| INCOME: (Estimate of average or projected monthly income at time case filed.) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly Gross  Wages, Salary, and commissions (Prorate if not paid monthly.) | **$ 7,358.39** | **$ 0.00** |
| 2. Estimated Monthly Overtime | **$ 0.00** | **$ 0.00** |
| 3. **SUBTOTAL** | **$ 7,358.39** | **$ 0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll Taxes and Social Security | **$ 2,504.23** | **$ 0.00** |
|    b. Insurance | **$ 39.65** | **$ 0.00** |
|    c. Union Dues | **$ 0.00** | **$ 0.00** |
|    d. Other (Specify) | | |
|                                         Pension: | **$ 0.00** | **$ 0.00** |
|              Voluntary 401 Contributions: | **$ 108.33** | **$ 0.00** |
|                              Child Support: | **$ 0.00** | **$ 0.00** |
|    Life Insurance, Uniforms, 401K Loan: | **$ 0.00** | **$ 0.00** |
| 5. **SUBTOTAL OF PAYROLL DEDUCTIONS** | **$ 2,652.22** | **$ 0.00** |
| 6. **TOTAL NET MONTHLY TAKE HOME PAY** | **$ 4,706.17** | **$ 0.00** |
| 7.  Regular income from operation of business or profession or farm | **$ 0.00** | **$ 0.00** |
| 8.  Income from real property | **$ 0.00** | **$ 0.00** |
| 9.  Interest and dividends | **$ 0.00** | **$ 0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | **$ 0.00** | **$ 0.00** |
| 11. Social Security or government assistance (Specify) | **$ 0.00** | **$ 0.00** |
| 12. Pension or retirement income | **$ 0.00** | **$ 0.00** |
| 13. Other monthly income (Specify:)                    & & | **$ 0.00** | **$ 0.00** |
| | **$ 0.00** | **$ 0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | **$ 4,706.17** | **$ 0.00** |
| 16. **COMBINED AVERAGE MONTHLY INCOME** (Combine column totals fromline 15; if there is only one debtor repeat total reported on line 15.) | **$ 4,706.17** | |

Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data.)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**None**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell / Debtor**                                    Bankruptcy Docket #:

## SCHEDULE J - CURRENT EXPENSES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any  payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check box if joint petition is filed & debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| 1.  Rent or home mortgage payment (include lot rented for mobile home) | $ 1,360.00 |
|     a.  Real Estate taxes included?      [x] Yes   [ ] No      b.  Property insurance included?      [x] Yes   [ ] No | |
| 2.  Utilities:    a.  Electricity and Heating Fuel | $ 210.00 |
|     b.  Water, Sewer, Garbage | $ 50.00 |
|     c.  Cellphone, Internet | $ 175.00 |
|     d.  Other      **Home Phone and Cable Television** | $ 100.00 |
| 3.  Home Maintenance (repairs and upkeep) | $ 50.00 |
| 4.  Food | $ 300.00 |
| 5.  Clothing | $ 25.00 |
| 6.  Laundry and Dry Cleaning | $ 40.00 |
| 7.  Medical and Dental Expenses | $ 100.00 |
| 8.  Transportation (not including car payments)    **Gas, Tolls/Parking, Fees/Licenses, Repair, Bus/Train** | $ 660.00 |
| 9.  Recreation, Clubs and Entertainment, Newspapers, Magazines, etc. | $ 75.00 |
| 10. Charitable Contributions | $ - |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | $ - |
|     a.  Homeowner's or Renter's | |
|     b.  Life | $ 30.00 |
|     c.  Health | $- |
|     d.  Auto | $ 100.00 |
|     e.  Other | $ - |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|     (Specify)      **Federal or State Tax Repayments, Real Estate Taxes** | $ - |
| 13. Installment Payments: (In Chapter 11, 12, and 13 cases, do not list payments to be included in plan) | |
|     a.  Auto | $- |
|     b.  Reaffirmation Payments | $ - |
|     c.  Other                    $- | $- |
| 14. Alimony, maintenance and support paid to others | $- |
| 15. Payments for support of additional dependents not living at your home | $- |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ - |
| 17. Other:    **See Detailed Expense Attachment** | $235.00 |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and if applicable, on the Statical of Summary of Certain Liabilities and Related Data.         **$ 3,510.00**

19. Describe any increase/decrease in expenditures anticipated to occur within the year following the filing this

    *None*

| **20. STATEMENT OF MONTHLY NET INCOME** | | |
|---|---|---:|
| | a.  Average monthly income from Line 15 of Schedule I | $ 4,706.17 |
| | b.  Average monthly expenses from Line 18 above | $ 3,510.00 |
| | c.  Monthly net income (a. minus b.) | **$ 1,196.17** |
| | d.  Total amount to be paid into plan monthly | **$ 1,195.00** |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell / Debtor**                                      Bankruptcy Docket #:

---

## SCHEDULE J - CURRENT EXPENSES OF INDIVIDUAL DEBTOR(S)

### Line 17 Detailed Expense Attachment

| | |
|---|---|
| Eye Care | $ 20.00 |
| Hair Cuts | $ 25.00 |
| Hygiene | $ 60.00 |
| Prescription Medications | $ 50.00 |
| Postage and Postal Supplies | $ 5.00 |
| Pet Care | $ 75.00 |

Total Line 17 Other Expenditures:  $235.00

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re
_____
**Christina Rae Luttrell Debtor**                                    Bankruptcy Docket #:
_____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.  I have disclosed on the foregoing schedules all property or assets I may have an interest in, the correct value of it, and every debt I may be liable for.  I accept the risk that some debts won't be discharged.  I have been advised of the difference between Chapter 7 and Chapter 13, income & expense concepts, budgeting, and have made full disclosure.

Debtor's attorney has advised debtor that creditors can object to discharge of their debt on a variety of grounds including fraud, recent credit usage, divorce and support obligations and reckless conduct.

Debtor's attorney has advised debtor that non-dischargeable debts such as taxes, student loans, fines by government units and liens on property of debtor are generally unaffected by bankruptcy.


Dated:     09/24/2011          **/s/ Christina Rae Luttrell**          **X Date & Sign**
                               _____
                               **Christina Rae Luttrell**



if joint case, both spouses must sign.  If NOT a joint case the joint debtor will NOT appear.

> *Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. 110)

Non-Attorney Petition Preparers were **NOT** used to prepare any portion of this petition.  All documents were produced by Geraci Law L.L.C..

#### THIS SECTION ONLY APPLIES TO PETITION PREPARERS AND HAS NOTHING TO DO WITH THIS CASE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

This is a personal bankruptcy for an individual(s) and **NOT** a corporation or partnership.

#### THIS SECTION ONLY APPLIES TO CORPORTATIONS & PARTNERSHIPS AND HAS NOTHING TO DO WITH THIS CASE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

---

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

01. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS:

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **2011: $50,943** | **employment** |
| **2010: $76,650** | |
| **2009: $78,183** | |

---

**NONE**

**X**    Spouse

| AMOUNT | SOURCE |
|---|---|

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

---

## STATEMENT OF FINANCIAL AFFAIRS

---

**NONE**
**X**

02. INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS:

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during
the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each
spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|

---

**NONE**
**X**

Spouse

| AMOUNT | SOURCE |
|--------|--------|

---

03. PAYMENTS TO CREDITORS:

Complete a. or b. as appropriate, and c.

a.   INDIVIDUAL OR JOINT DEBTOR(S) WITH PRIMARILY CONSUMER DEBTS: List all payments on loans, installment purchases of goods or
services, and other debts to any creditor made within 90 days immediately proceeding the commencement of this case if the aggregate
value of all property that constitutes or is affected by such transfer is not less than $600.00.  Indicate with an asterisk (*) any payments
that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by
an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include
payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|------------------------------|-------------------|-------------|--------------------|
| **Toyota Motor Credit**<br>**1111 W 22Nd St Ste 420**<br>**Oak Brook IL 60523** | **Monthly** | **$864** | **$26,996** |
| **Green TREE Servicing L**<br>**332 Minnesota St Ste 610**<br>**Saint Paul MN 55101** | **Monthly** | **$1,300** | **$150,479** |

---



b.   DEBTOR WHOSE DEBTS ARE NOT PRIMARILY CONSUMER DEBTS: List each payment or other transfer to any creditor made within 90
days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by
such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on
account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting
and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payment/Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|------------------------------|----------------------------|-----------------------------------|--------------------|

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

| STATEMENT OF FINANCIAL AFFAIRS |
|---|

 **NONE**

c.  ALL DEBTORS: List all payments made within 1 year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments be either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor & Relationship to Debtor | Dates of Payments | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|

04. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS:

List all lawsuits & administrative proceedings to which the debtor is or was a party within 1 (one) year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OF AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---|---|---|---|
| **Capital One Bank Usa Na VS Christina  Luttrell CASE NUMBER#2011SC7174** | **Contract** | **Will County Circuit Court, Small Claims Div., Joliet, IL** | **Pending** |

 **NONE**

04b. WAGES OR ACCOUNTS GARNISHED: Describe all property that has been attached, garnished or seized under any legal or equitable process within (1) one year preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

**NONE**

05. REPOSSESSION, FORECLOSURES AND RETURNS:

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Christina Rae Luttrell,  Debtor**

## STATEMENT OF FINANCIAL AFFAIRS

---

**NONE** **X**

**06. ASSIGNMENTS AND RECEIVERSHIPS:**

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|
| | | |

---

**NONE** **X**

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one (1) year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name & Location of Court Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|
| | | | |

---

**NONE** **X**

**07. GIFTS:**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, If Any | Date of Gift | Description and Value of Gift |
|---|---|---|---|
| | | | |

---

**NONE** **X**

**08. LOSSES:**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss Was Covered in Whole or in Part by Insurance, Give Particulars | Date of Loss |
|---|---|---|
| | | |

---

**09. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY:**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one (1) year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| | | |

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

---

## STATEMENT OF FINANCIAL AFFAIRS

---

09. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY:

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one (1) year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| **Geraci Law, LLC** **55 E Monroe St Suite #3400** **Chicago, IL 60603** | **2011** | **Payment/Value: $3,500.00: $100.00 paid prior to filing, balance to be paid through the plan.** |

---

09a. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY: List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within 1 year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor | Amount of Money or description and Value of Property |
|---|---|---|
| **MMI/CCCS** **9009 W. Loop S.** **Houston, TX 77096** **Phone 866.983.2227** | **2011** | **$50.00** |

---



**NONE X**

10.  OTHER TRANSFERS

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security with two (2) years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
|---|---|---|
| | . | |
| | . | |

---

**NONE X**

10b. List all property transferred by the debtor within ten (10) years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or other Device | Date(s) of Transfer(s) | Amount and Date of Sale or Closing |
|---|---|---|
| | | |

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

## STATEMENT OF FINANCIAL AFFAIRS

**NONE**
**X**

**11. CLOSED FINANCIAL ACCOUNTS:**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one (1) year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

**NONE**
**X**

**12. SAFE DEPOSIT BOXES:**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Names & Addresses of Those With Access to Box or depository | Description of Contents | Date of Transfer or Surrender, if Any |
|---|---|---|---|

**NONE**
**X**

**13. SETOFFS:**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

**NONE**
**X**

**14. LIST ALL PROPERTY HELD FOR ANOTHER PERSON:**

List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

**NONE**
**X**

**15. PRIOR ADDRESS OF DEBTOR(S):**

If debtor has moved within three (3) years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name Used | Dates of Occupancy |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

| STATEMENT OF FINANCIAL AFFAIRS |
|---|

**NONE**
**X**

15. PRIOR ADDRESS OF DEBTOR(S):

If debtor has moved within three (3) years immediately preceding the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address
of either spouse.

| .              | Name         | Dates of  |
| Address        | Used         | Occupancy |

**NONE**
**X**

16. SPOUSES and FORMER SPOUSES:

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight (8) years immediately preceding the
commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
the community property state.

Name

**NONE**
**X**

17. ENVIRONMENTAL INFORMATION:

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or
toxic substances, wastes or material into the air, land, soil surface water, ground water, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of the these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or
operated by the debtor, including, but not limited to, disposal sites.

"Hazardous material" means anything defined as a hazardous waste, hazardous or toxic substances, pollutant, or contaminant, etc. under
environmental Law.

**NONE**
**X**

17a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the
Environmental Law:

| Site Name   | Name and Address     | Date       | Environmental |
| and Address | of Governmental Unit | of Notice  | Law           |

**NONE**
**X**

17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name   | Name and Address     | Date       | Environmental |
| and Address | of Governmental Unit | of Notice  | Law           |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

## STATEMENT OF FINANCIAL AFFAIRS

**NONE**
**X**

17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

**NONE**
**X**

17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status of Disposition |
|---|---|---|

**NONE**
**X**

18 NATURE, LOCATION AND NAME OF BUSINESS

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six (6) years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six (6) years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six (6) years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six (6) years  immediately preceding the commencement of this case.

| Name & Last Four Digits of Soc. Sec. No./Complete EIN or Other TaxPayer I.D. No. | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|

**NONE**
**X**

b.  Identify any business listed in subdivision a., above, that is "single asset real estate" as defined in 11 USC 101.

| Name | Address |
|---|---|

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

---

| STATEMENT OF FINANCIAL AFFAIRS |
|---|

---

**NONE** **X**

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

_____

19.  BOOKS, RECORDS AND FINANCIAL STATEMENTS:

List all bookkeepers and accountants who within two (2) years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
|  |  |

---

**NONE** **X**

19b.  List all firms or individuals who within two (2) years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name | Address | Dates Services Rendered |
|---|---|---|
|  |  |  |

---

**NONE** **X**

19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| Name | Address |
|---|---|
|  |  |

---

**NONE** **X**

19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two (2) years immediately preceding the commencement of this case.

| Name and Address | Date Issued |
|---|---|
|  |  |

---

**NONE** **X**

20. INVENTORIES

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory (specify cost, market of other basis) |
|---|---|---|
|  |  |  |

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

---

## STATEMENT OF FINANCIAL AFFAIRS

---

**NONE** **X**

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| Date of Inventory | Name and Addresses of Custodian of Inventory Records |
|---|---|
| | |

---

**NONE** **X**

21.  CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS:

a. If the debtor is a partnership, list nature and percentage of interest of each member of the partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|
| | | |

---

**NONE** **X**

21b. If the debtor is a corporation, list all officers & directors of the corporation; and each stockholder who directly or indirectly owns, controls, or holds 5% or more of the voting or equity securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|
| | | |

---

**NONE** **X**

22.  FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS:

If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| Name | Address | Date of Withdrawal |
|---|---|---|
| | | |

---

**NONE** **X**

22b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one (1) year immediately preceding the commencement of this case.

| Name and Address | Title | Date of Termination |
|---|---|---|
| | | |

---

**NONE** **X**

23. WITHDRAWALS FROM A PARTNERSHIP OR DISTRIBUTION BY A COPORATION:

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property |
|---|---|---|
| | | |

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell,  Debtor**

## STATEMENT OF FINANCIAL AFFAIRS

**NONE**
**X**

24. TAX CONSOLIDATION GROUP:

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six (6) years immediately preceding the commencement of the case.

| Name of<br>Parent Corporation | Taxpayer<br>Identification Number (EIN) |
|---|---|

**NONE**
**X**

25. PENSION FUNDS:

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six (6) years immediately preceding the commencement of the case.

| Name of<br>Pension Fund | TaxPayer<br>Identification Number (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

**I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachment thereto and that they are true and correct.**

Dated:   09/24/2011        /s/ Christina Rae Luttrell           **X Date & Sign**

Christina Rae Luttrell

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*

PFG Record #   **543026**                                    B7 (Official Form 7) (04/10)   **Page 11 of 11**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**                                          Bankruptcy Docket #:

---

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR - 2016B

**1.**   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

**The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:**

For legal services, Debtor(s) agrees to pay and I have agreed to accept                                    **$3,500**

Prior to the filing of this Statement, Debtor(s) has paid and I have received                                **$100**

The Filing Fee has been paid.                                              **Balance Due**         **$3,400**

**2.**   The source of the compensation paid to me was:

■ Debtor(s)        ☐ Other: (specify)

**3.**   The source of compensation to be paid to me on the unpaid balance, if any,  remaining is:

■ Debtor(s)        ☐ Other: (specify)

The undersigned has received no transfer, assignment or pledge of property from the debtor(s) except the following for the value stated:  **None.**

**4.**   The undersigned has not shared or agreed to share with any other entity, other than with members of the undersigned's law firm, any compensation paid or to be paid without the client's consent, except as follows:  **None.**

**5.**   **The Service rendered or to be rendered include the following:**

(a)   Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file a petition under Title 11, U.S.C.

(b)   Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

(c)   Representation of the client at the **first scheduled** meeting of creditors.

(d)   Advice as required.

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

---

*Respectfully Submitted,*

Dated:    09/26/2011          **/s/ Jason A Kara**

**Attorney Name:   Jason A Kara**                                          Bar No:
**GERACI LAW, LLC**
**55 E. Monroe Street #3400**
**Chicago IL 60603**
**312.332.1800 (PH) 877.247.1960 (FAX)**

---

Date: **9/21/2011**                    Consultation Attorney :                    Record # : **543-026**

## Chapter 13 Retainer Agreement

The undersigned hires Geraci Law L.L.C. and its associated attorneys for representation in a Chapter 13 bankruptcy under the following terms and conditions:

**FEES:**    Attorney fees for the Chapter 13 Bankruptcy shall be $_3500_. This amount does NOT INCLUDE court filing fees of $281, costs for credit counseling or financial management classes. Any amount not paid prior to the case being filed shall be paid through the Chapter 13 Trustee. These fees are fixed, but the attorneys may apply to the court for additional fees if there are extraordinary circumstances, such as extended evidentiary hearings, contested adversary proceedings or appeals. If the Court awards additional fees, they will also be paid through the Chapter 13 Trustee. Fees are "flat fees" and "advance payment retainers" for pre-filing and pre-confirmation work, become property of this firm on payment, and are deposited into the firm's operating account. Payments are applied to the "flat fee". If this contract is terminated by either party prior to the filing of the case, the firm will refund unearned fees at based on work done at the hourly rate (between $275/hr and $350/hr for attorney time, based on the attorney doing the work, and $85/hr paralegal time with an accounting, and on request, submit any dispute to binding arbitration within 30 days. If I close my file or breach this contract I agree to pay for the work done to that time. I assign to my attorney all amounts tendered as filing fees or court costs  and authorize my attorney to transfer said funds from his trust account to his operating account in payment of all outstanding fees owed by me if case is not filed. More than one attorney and paralegal will work on my case.

**PLAN:** The plan payment is estimated to be $_1375_ per month for _60_ months. The payment and length of the plan are based on the information I have provided, including income, expenses, assets and debts. If these amounts are not accurate, my plan payment or duration may need to be increased. In addition, the Court, Chapter 13 Trustee or creditors could object to my proposed Chapter 13 payment, which may cause it to increase. I further understand that if my income or expenses change during my Chapter 13, my plan payment may have to change.

My plan payment DOES include the following, unless stated otherwise:  mortgage arrears; association arrears; vehicles; tax debt; support debt; fines/tickets; educational debts; unsold property taxes; debts pursuant to a divorce decree/marital settlement; other secured debts including furniture, electronics, etc.; all other unsecured debts; other:_____

My plan payment does NOT include the following debts and I am responsible for making sure they are paid in a timely manner: current mortgage payments; criminal fines/court fees; rent/lease arrears; sold property taxes; debts incurred after the case is filed, including any association fees as long as the property is in my name; these cosigned debts: _____;
the following vehicles: _____; other : _____

☐ My student loans will be included in my plan payment            ☐ My student loans will NOT be included (I will pay direct)

If I have any of the following debts, they will NOT be discharged if they are not paid in full. I will be responsible for any remaining balance: student loans; educational debts; unfiled or late filed tax debts; undisclosed debts; support/maintenance debts; debts incurred by fraud or other debts found non-dischargeable by the Bankruptcy Court; other: _____

**If I am eligible to receive a tax refund during your Chapter 13, I understand I must turn it over to the Chapter 13 Trustee unless I am specifically advised that I do not need to.** I understand that this may change on a yearly basis, so I must check with my attorneys every year. I also understand that if I receive any significant sums of money other than through employment, including but not limited to life insurance proceeds, workers compensation award, personal injury or other court settlement, I MUST notify my attorney immediately and I may have to pay some or all of the funds into my Chapter 13 plan.

I cannot transfer any property or incur any credit or debt without the express permission of my attorney or the Court and I must make full disclosure of all income, expenses, debts and assets in my initial consultation and on my bankruptcy petition.

I understand that if I fail to remain current in any domestic support obligation, and/or fail to certify to the Court that I have remained current, or if I fail to take my financial management class, that my case may be closed without a discharge, and I will be required to pay a fee to have it reopened.

I have received the "Rights and Responsibilities Agreement between Chapter 13 Debtors and their Attorneys" as established by the Northern District of Illinois, and the terms of said agreement are hereby incorporated into this contract as additional terms. I understand I must comply with those terms.

I have received the 11 U.S.C § 527(a) disclosures.                    Dated: _9/21/11_

X_Christina Luttrell_                                        X_____
  Christina Luttrell (Debtor)                                          (Joint Debtor)

X_____
  Attorney for the Debtor(s)
  Representing Geraci Law L.L.C.

Debtor Name: <u>Christina Luttrell</u>                                    Case #: _____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure-but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

## THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.


## ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

### $ 3,500.00

Prior to signing this agreement the attorney has received $ 1 0 0 , leaving a balance due of $ 3400 In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑ Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following:

**The Debtor(s) and Attorney have entered into an advance payment retainer for preconfirmation work including, but not limited to, the preparation of the petition and plan, filing of the case and any amendments necessary for confirmation.**

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _09/21/2011_
Signed:

Christina R Luthall

_____
Attorney for Debtor(s)

_____
Debtor(s)

Do not sign if the fee amount at top of this page is blank.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Christina Rae Luttrell, Debtor**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated:    09/24/2011          /s/ Christina Rae Luttrell

Christina Rae Luttrell

**X Date & Sign**

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:
Fine up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

PFG Record #    **543026**

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing **a joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days  **before**  the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:**  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Dated:   09/24/2011    /s/ Christina Rae Luttrell

**Christina Rae Luttrell**

Sign & Date Here

Dated:   09/26/2011    /s/ Jason A Kara

**Attorney: Jason A Kara**                    Bar No:

Sign & Date Here